IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DANIEL IAN WEINER,<br><br>        Plaintiff,<br><br>v.<br><br>BRENDAN F. KELLY, in his official capacity as Director of the Illinois State Police, and ELIZABETH LEAHY, in her official capacity as Illinois State Police Firearm Safety Office Counsel,<br><br>        Defendants. | No. 1:22 CV 7239 |

## JOINT STATUS REPORT

The parties, by and through undersigned counsel, submit this Joint Status Report pursuant to the Court's Order of March 6, 2023 (Dkt. # 11).

### 1. The Nature of the Case

    a.    *Counsel of Record*

Attorney for Plaintiff
David G. Sigale (Atty. ID# 6238103)
LAW FIRM OF DAVID G. SIGALE, P.C.
430 West Roosevelt Road
Wheaton, IL 60187
630.452.4547
dsigale@sigalelaw.com

Attorney for Defendants
Marci L. Sahinoglu (Atty. ID # 6306898)
Office of the Illinois Attorney General
100 W. Randolph St., 13th Floor
Chicago, IL 60601
312.636.5595
marci.sahinoglu@ilag.gov

    b.    Basis for federal jurisdiction - Federal Question/U.S. Const. Amend. II; 28 U.S.C. §§ 1331, 1343, 2201, and 2202.

    c.    Describe the nature of the claims asserted in the complaint and any counterclaims.

Plaintiff possessed an Illinois firearm license, the FOID card, issued pursuant to the Illinois Firearm Owners Identification Card Act ("FOID Card Act") (430 ILCS 65/1, *et seq.*). In July, 2022, his FOID card was revoked pursuant to the "clear and present danger" prohibitor in Section 65/8(f) of the FOID Card Act, where a variety of individuals, including law-enforcement officers, have the power to submit a form to the Illinois State Police ("ISP") that causes the ISP to revoke a person's FOID card.

Plaintiff alleges this works a significant and unconstitutional injustice upon law-abiding persons who have done nothing wrong. Plaintiff claims the revocation comes with no accountability or availability for cardholders to challenge (or even learn about) the circumstances of the revocation. Plaintiff alleges that most importantly, there is no escape valve where one who can prove the revocation was in error can bypass the process through an adversarial hearing or other meaningful procedure. Plaintiff asserts that this is true even if the revoked cardholder can demonstrate the revocation was a mistake or, in Plaintiff's case, a hoax.

Instead, Plaintiff must submit to what he claims is an expensive and intrusive psychological examination and certification process, submit certain medical records to the ISP, and gather character references among friends and family, all of whom must be informed of the circumstances of the revocation.

Plaintiff complains that facially and as applied to him under the facts of the instant case,

2

- ISP's determination that Plaintiff poses a clear and present danger and ISP's revocation of Plaintiff's FOID Card—acts which deprive Plaintiff of his ability to lawfully keep and bear arms—violate Plaintiff's Second Amendment rights;
- the labyrinthine procedures the Illinois State Police ("ISP") requires citizens to navigate in order to obtain relief from a clear and present danger determination violate Plaintiff's due process Fourteenth Amendment rights.

There are no counterclaims.

    d.    State the major legal and factual issues in the case.

Whether, facially and as applied to Plaintiff: (A.) ISP's determination under 430 IL 65/8(f) that Plaintiff poses a clear and present danger causing the revocation of Plaintiff's FOID Card violates Plaintiff's Second Amendment rights, and (B.) whether the ISP's required procedures in order to obtain relief from a clear and present danger determination violate Plaintiff's Fourteenth Amendment due process rights.

    e.    Describe the relief sought by the plaintiff (and counter-claimant).

- A finding that the Defendants, facially and/or as applied to Weiner, have unjustifiably denied Plaintiff (A.) his Second Amendment right to keep and bear arms for self-defense and (B.) his Fourteenth Amendment procedural due process rights through the use of 430 ILCS 65/8.1(d)(2) and 20 IAC 1230.120(b) and the lack of any

hearing or other meaningful procedure whereby Plaintiff can challenge the deprivation as erroneously- and falsely-based;

- An order granting Plaintiff injunctive relief that enjoins the Defendants from further deprivation of his rights to keep and bear arms and right to procedural due process through the use of 430 ILCS 65/8.1(d)(2) and 20 IAC 1230.120(b) and the lack of any adversarial hearing or other meaningful procedure whereby Plaintiff can challenge the deprivation of his firearm rights as erroneously- and falsely-based;

- A mandatory injunction requiring the Defendants to issue a FOID card and CCL to Plaintiff and relieve him of any and all other firearm-related disabilities the Defendants may have imposed upon him;

- A mandatory injunction requiring the Defendants to implement a meaningful procedure whereby Weiner can challenge his categorization as a clear and present danger, and the resulting FOID card revocation, within a reasonable timeframe in an adversarial proceeding;

- Attorney's fees and costs, pursuant to 42 U.S.C. §1988 and F.R. Civ. P. 54(d).

4

2. **Pending Motions and Case Plan**

    a.    The parties are in settlement discussions. Defendants answer was due on March 30, 2023. On April 6, 2023, Defendants filed an unopposed Motion for Extension of Time until April 28, 2023 to answer or otherwise plead (Dkt. #12), and a Motion for Leave to File Motion for Extension of Time *Instanter* (Dkt. #13), in order to allow those settlement discussions to continue.

    c.    The parties anticipate exchanging Rule 26(a)(1) disclosures within 28 days following Defendants filing an Answer to the Plaintiff's Complaint, and that written discovery can be issued within 28 days following the Rule 26(a)(1) disclosures. The parties will file a supplemental Status Report if the Court wishes regarding a further proposed discovery schedule once the parties are at issue.

    d.    A jury trial is not requested.

    A bench trial will probably last 3-4 days.

    e.    The parties agree to service of pleadings and other papers by electronic means under Federal Rule of Civil Procedure 5(b)(2)(E).

3. **Consent to Proceed Before a Magistrate Judge**

The parties do not consent unanimously to proceed before a Magistrate Judge for all purposes, including entry of final judgment.

4. **Status of Settlement Discussions**

The parties are in settlement negotiations. The parties are not requesting a settlement conference at this time.

Dated: April 7, 2023                                  Respectfully submitted,

Attorneys for Plaintiff                               Attorneys for Defendants
Daniel Ian Weiner                                     Brendan F. Kelly and Elizabeth Leahy

/s/ David G. Sigale                                   /s/ Marci L. Sahinoglu
David G. Sigale (Atty. ID # 6238103)                  Marci L. Sahinoglu (Atty. ID# 6306898)
LAW FIRM OF DAVID G. SIGALE, P.C.                     Office of the Illinois Attorney General
430 West Roosevelt Road                               100 W. Randolph St., 13th Floor
Wheaton, IL 60187                                     Chicago, IL 60601
630.452.4547                                          312.636.5595
dsigale@sigalelaw.com                                 marci.sahinoglu@ilag.gov